IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| **PERRY SINGO,** ) | |
| **#318005,** ) | |
| ) | |
| Plaintiff, ) | NO. 1:23-CV-00008 |
| ) | |
| v. ) | |
| ) | **JUDGE CAMPBELL** |
| **JONATHAN SKRMETTI,** ) | **MAGISTRATE JUDGE HOLMES** |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Perry Singo, an inmate of the Turney Center Industrial Complex in Only, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against Tennessee Attorney General Jonathan Skrmetti, alleging "systemic judicial bias in Tennessee Courts as a direct result of the State's Judicial Election process thereby depriving pro se prisoner litigants of rights, privileges, or immunities secured by the Constitution of the United States and federal law." (Doc. No. 1 at 1-2).

### I. SCREENING OF THE COMPLAINT

**A. PLRA Screening Standard**

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a

1

governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**B. Section 1983 Standard**

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

**C. Facts Alleged in the Complaint**

Plaintiff is a convicted felon currently in the custody of the state of Tennessee.[1]

---

[1] On March 16, 2000, a jury convicted Singo of four counts for rape of a child, a Class A felony, and four counts of aggravated sexual battery, a Class B felony. As a result of his convictions, Singo was sentenced to twenty-five years

On June 30, 1999, Plaintiff was indicted on thirteen counts on a variety of sexual charges involving his six-year-old stepdaughter. The True Bill was not signed by the prosecutor, foreperson of the grand jury, district attorney general, or Clerk of Court. Plaintiff believes that the lack of a signature voids his indictment. He has pursued this theory in state and federal court, to no avail.

According to Plaintiff, "[t]he attacks on the [state] judiciary and the efforts of politicians to change the judiciary so it will do things the politicians want is affecting due process and denying fair trials in the Tennessee judiciary." (Doc. No. 1 at 4). Plaintiff contends that the average Tennessee state court judge has an unconstitutional "potential for bias" because that judge faces re-election at some point. (*Id*. at 24). This "systemic judicial bias in Tennessee Courts [is] a direct result of the State's Judicial Election process thereby depriving pro se prisoner litigants of rights, privileges, or immunities secured by the Constitution of the United States and federal law." (*Id*. at 1-2).

The complaint alleges that "the Justices and Judges in the Tennessee courts have been in several election cycles . . . which your Petitioner believes had a debilitating effect on the outcome of his proceedings in various courts." (*Id*. at 22). Specifically, the complaint alleges that the circuit court judge who originally tried Plaintiff's case and ruled on Plaintiff's direct appeal and petition

---

for each of the rape of a child convictions and twelve years for each of the aggravated sexual battery convictions, with two of the rape of a child sentences to run consecutively and all other sentences to run concurrently, for an effective sentence of fifty years. After Singo's initial direct appeal, the Tennessee Court of Criminal Appeals reversed three of his rape of a child convictions and remanded the case for a determination of whether the remaining sentences should run consecutively. *State v. Perry Singo*, No. M2001-00919-CCA-R3-CD, 2002 WL 1838142 (Tenn. Crim. App. Aug. 9, 2002) *perm. app. denied* (Tenn. Dec. 23, 2002). Following a re-sentencing hearing, the trial court ordered two of the aggravated sexual battery sentences and the rape of a child sentence to run consecutively, for an effective sentence of forty-nine years. Singo appealed, and the Tennessee Court of Criminal Appeals affirmed the new sentence. *State v. Perry Singo*, No. M2003-01230-CCA-R3-CD, 2004 WL 343968 (Tenn. Crim. App. Feb. 24, 2004), *perm. app. denied* (Tenn. Aug. 20, 2004). On November 20, 2020, Plaintiff filed a petition for writ of habeas corpus claiming his indictment was void because it was not signed by the clerk of court. On February 22, 2021, the trial court dismissed the petition. The Tennessee Court of Appeals affirmed the summary dismissal.

Although Plaintiff does not allege these facts in his complaint, the Court takes judicial notice of such facts from the November 24, 2021 opinion of the Tennessee Court of Criminal Appeals. *See Singo v. State*, No. M2021-00299-CCA-R3-HC, 2021 WL 5505033, at *1 (Tenn. Crim. App. Nov. 24, 2021).

for post-conviction relief was "clearly biased" against Plaintiff and "completely ignored the principles of the state constitution." (*Id*. at 23). Further, the complaint alleges that the appellate court judges who ruled on Plaintiff's appeals also were "clearly biased" against Plaintiff and "completely ignored the principles of the state constitution." (*Id*.) Plaintiff believes that this bias was a result of the judicial retention laws.

The complaint asks this Court to find "the Constitution of Tennessee, article 6, §§ 3 & 4 and the Tennessee Plan, as codified in Tennessee Code Annotated §§ 17-4-101 et. seq." unconstitutional. (*Id*. at 25). The complaint additionally asks that Plaintiff be awarded injunctive relief recalling the mandate in his state criminal case and, ultimately, a judgment vacating his criminal conviction and remanding for such further proceedings as may be necessary to grant Plaintiff a "meaningful opportunity to locate counsel and present his defense before a fair tribunal." (*Id*.)

**D. Analysis**

"Standing is a threshold question in every federal case[.]" *Moncier v. Haslam*, 1 F. Supp.3d 854, 858 (E.D. Tenn. 2014) (citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975); *Wuliger v. Mfrs. Life Ins. Co*., 567 F.3d 787, 793 (6th Cir. 2009)); *see Tennessee State Conference of the N.A.A.C.P. v. Hargett*, 441 F. Supp.3d 609, 624 (M.D. Tenn. 2019) ("A party seeking to invoke the court's jurisdiction must establish the necessary standing to sue before the court may consider the merits of that party's cause of action."). To establish standing, Plaintiff must show that (1) he suffered an injury in fact—a legally-protected interest that is concrete, particularized, and actual or imminent; (2) Defendant likely caused the injury; and (3) that judicial relief would likely redress the injury. *Lujan v. Def. of Wildlife*, 504 U.S. 555, 560-61 (1992). The party invoking federal jurisdiction has

4

the burden of establishing these elements. *Id.* at 561 (citations omitted). The Court will now discuss whether Plaintiff has standing to assert his claims herein.

1. Injury in fact

First, to have standing, a plaintiff must allege that he or she has suffered or will imminently suffer a concrete, particularized injury from the challenged action. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016). The Supreme Court has said that imminence is a "somewhat elastic concept," but that "it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes[.]" *Lujan*, 504 U.S. at 565 n.2. An injury in fact is the invasion of a legally-protected interest that is neither conjectural nor hypothetical. *See Lujan*, 504 U.S. at 560; *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983) ("Abstract injury is not enough."). For an injury to be sufficiently distinct, or "particularized," it "must affect the plaintiff in a personal and individual way." *Spokeo*, 578 U.S. at 339 (internal quotation marks and citations omitted).

Here, the complaint alleges that "the Justices and Judges in the Tennessee courts have been in several election cycles . . . which your [Plaintiff] *believes* had a debilitating effect on the outcome of his proceedings in various courts." (Doc. No. 1 at 22) (emphasis added). Plaintiff connects what he calls his "biased" state criminal court proceedings to a series of state judicial retention elections and the alleged conduct of certain state actors, but the connections Plaintiff makes are conjectural and hypothetical. While Plaintiff may believe there is a "potential" for state judge bias (*see* Doc. No. 1 at 24) and that a connection exists as he describes, he has not sufficiently alleged that he has suffered an injury in fact as a result that is concrete and particularized, actual and imminent—not merely speculative. *See Protect Our Aquifer v. TVA*, No. 2:20-cv-02615, __ F. Supp.3d __, 2023 WL 1459265, at *7 (W.D. Tenn. Feb. 1, 2023) ("This guesswork—connecting

5

contract entry to environmental pollution through a series of possible circumstances—is anathema to Article III's requirement of injury in fact.") (citing *Lujan*, 504 U.S. at 560 ("First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is . . . actual or imminent, not 'conjectural' or 'hypothetical.'") (citations omitted)).

The Court finds that the complaint fails to allege that Plaintiff has suffered or will imminently suffer a concrete or particularized injury in fact caused by Defendant's enforcement of the challenged state laws and constitutional provisions. "Federal courts are not a forum to litigate the legality of governmental conduct at large." *Id.* at *11 (citing *TransUnion, LLC v. Ramirez*, __ U.S. __, 141 S. Ct. 2190, 2203 (2021)). As a sister court put it, "Federal courts do not exercise general legal oversight of the Legislative and Executive Branches, or of private entities. Our Constitution opens the federal courts to those who have suffered a particularized, imminent injury. If you are injured, come to court. But when you only have a generalized grievance, go to the legislature."

2. <u>Defendant likely caused the injury</u>

Next, even if the Court assumes *arguendo* that the complaint sufficiently alleges an injury in fact, the Court must consider whether the complaint alleges that Plaintiff's injuries are "fairly traceable to the challenged conduct of the defendant." *Spokeo*, 528 U.S. at 338. As this Court previously has explained,

> The requirement that an injury be "fairly traceable" to a defendant's conduct does not mean that the plaintiffs must prove to an absolute certainty that the defendant's actions caused or are likely to cause the injury; rather, the plaintiffs need only show that there is a substantial likelihood that the defendant's conduct caused (or will cause) the plaintiffs' harm. *NC RSOL v. Boone*, 402 F. Supp. 3d 240, 250 (M.D.N.C. 2019); *New York v. Scalia*, 464 F. Supp. 3d 528, 540-42 (S.D.N.Y. 2020) (noting that the "fairly traceable" standard is lower than that of proximate cause); *Isabel v. Reagan*, 394 F. Supp. 3d 966, 973 (D. Ariz. 2019) (same).

6

*Grumpy's Bail Bonds, LLC v. Rutherford County, Tenn.*, No. 3:20-cv-00923, 2022 WL 3051004, at *12 (M.D. Tenn. Aug. 2, 2022) (citing *Memphis A. Phillip Randolph Inst. v. Hargett*, 485 F. Supp. 3d 959, 979 n.13 (M.D. Tenn. 2020), vacated and remanded sub nom. *Memphis A. Philip Randolph Inst. v. Hargett*, 2 F.4th 548 (6th Cir. 2021)).

While Plaintiff's lengthy recitation of the history of the state judicial retention laws in his complaint appears to be well-researched, the connection he alleges between Defendant's action (enforcing the state laws and constitutional provisions regarding retention of state appellate and Supreme Court judges) and Plaintiff's claimed injuries (convictions arising from biased and unfair state criminal proceedings) is simply too speculative. The "tortured causation chain" asks the Court to fill in too many blanks. *See TVA*, 2023 WL 1459265, at *10 ("The Court finds this chain of causation is far too hypothetical to sustain standing. It requires assumptions and leaps of logic, without which, Plaintiffs' injury would not be 'fairly traceable' to Defendant's actions."). The Court therefore finds that Plaintiff's factual allegations about causation cannot sustain standing.

3. Redressability

The final element in determining whether Plaintiff has plausibly alleged standing in his complaint is redressability. "Redressability . . . requires 'that prospective relief will remove the harm,' and the plaintiff must show 'that he personally would benefit in a tangible way from the court's intervention.'" *Am. Civil Liberties Union v. Nat'l Sec. Agency*, 493 F.3d 644, 670 (6th Cir. 2007) (quoting *Warth v. Seldin*, 422 U.S. at 505).

In his complaint, Plaintiff asks the Court to find certain Tennessee statutes and provisions of the Tennessee Constitution unconstitutional. (Doc. No. 1 at 25). However, Plaintiff fails to explain how a favorable ruling would remedy the harm he alleges he has suffered and is suffering—an unlawful conviction and sentence. For example, if the Court were to invalidate the

7

Case 1:23-cv-00008   Document 4   Filed 05/09/23   Page 7 of 9 PageID #: 100

challenged statues and constitutional provisions as Plaintiff asks, Plaintiff's conviction would still stand. Thus, a favorable ruling for Plaintiff here is unlikely to redress the harm Plaintiffs claims to have suffered and to be suffering.

To the extent that Plaintiff asserts that his harm can be redressed by the Court recalling the mandate in his state criminal case and overturning his conviction, Plaintiff misunderstands the remedies available through this Section 1983 action. Under *Heck*, a plaintiff cannot pursue a Section 1983 claim that, if successful, would necessarily imply the invalidity of an underlying conviction or sentence, unless the plaintiff can demonstrate favorable termination of the prior conviction or sentence. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The Supreme Court in *Heck* held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87 (footnote omitted).

Plaintiff's sentence has not been favorably terminated as required by *Heck*. Success on Plaintiff's claims would necessarily imply that his conviction and sentence are invalid because underlying his claims are the allegations that biased state court judges unconstitutionally refused to overturn his conviction and sentence on direct appeal and in post-conviction proceedings, thus resulting in his illegal conviction and sentence. Plaintiff's arguments, assuming they were true, would necessarily imply the invalidity of his conviction and sentence. Plaintiff's request is precisely the type prohibited under *Heck*. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (reiterating that a habeas corpus petition is the exclusive avenue for a prisoner to bring

8

"[c]hallenges to the validity of any confinement or to particulars affecting its duration.").[2] The Court therefore finds that Plaintiff's factual allegations about redressability cannot sustain standing.

## II. CONCLUSION

Having conducted the screening required by the PRLA, the Court finds that Plaintiff lacks standing to assert the claims in his complaint. Thus, the complaint cannot proceed beyond this initial screening required by the PLRA. Plaintiff's action, therefore, will be dismissed

An appropriate Order will be entered.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Indeed, Plaintiff already has sought federal habeas relief from his state court conviction and sentence. *See Singo v. Easterling*, No. 3:08-cv-00514, 2016 WL 2595125 (M.D. Tenn. May 5, 2016). The Court denied his petition for writ of habeas corpus. *See id*. Essentially, the instant action is another attempt to overturn Plaintiff's state court conviction and sentence. But Plaintiff cannot use the instant Section 1983 action to get another bite at the apple.